## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

IN RE                                  Case No. 24-81498-BPC
                                            Chapter 13

SHELLY H. MOSELEY,
      Debtor.

### MEMORANDUM OPINION AND ORDER DENYING RULE 2004 MOTION

Johnny Ray Jenkins, by and through Linda Gail Jenkins ("Creditor"), filed the Motion for Rule 2004 Discovery (the "Rule 2004 Request") seeking the production of:

> all liability policies that cover the [D]ebtor, all declaration pages, and any coverage letters so that he can know (1) what is covered, (2) how much indemnity the [D]ebtor is entitled, (3) whether there is a deductible or self-insured retention, and if so how much, and (4) whether there are any coverage disputes between the [D]ebtor and the insurer.

(Doc. 34, ¶ 3). Creditor contends that the Rule 2004 Request is within the scope of Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") because: (i) liability insurance is property of Debtor; (ii) there is good cause and the discovery is narrowly tailored; (iii) the Alabama Medical Liability Act (the "AMLA") does not prohibit the discovery of the information that Creditor seeks in this Court; and (iv) Debtor waived the privilege afforded her under § 6-5-548(d) of the Alabama Code[1] upon filing bankruptcy. (Doc. 43, p. 11).

### I. BACKGROUND

Creditor's claim (the "Claim") arises from a pending lawsuit against Shelly H. Moseley ("Debtor") and others in the Circuit Court of Talladega County, Alabama (the "State Court

---

[1] § 6-5-548. Burden of proof; reasonable care as similarly situated health care provider; no evidence admitted of medical liability insurance.

> …
> (d) Notwithstanding any provision of the Alabama Rules of Evidence to the contrary, no evidence shall be admitted or received, whether of a substantive nature or for impeachment purposes, concerning the medical liability insurance, or medical insurance carrier, or any interest in an insurer that insures medical or other professional liability, of any witness presenting testimony as a "similarly situated health care provider" under the provisions of this section or of any defendant. The limits of liability insurance coverage available to a health care provider shall not be discoverable in any action for injury or damages or wrongful death, whether in contract or tort, against a health care provider for an alleged breach of the standard of care.

Ala. Code § 6-5-548(d).

1

Litigation"),[2] asserting a personal injury tort claim in the amount of $1,500,000 for alleged negligent and wanton activities engaged in by Debtor during her employment with Sylacauga Health Care Authority. (Doc. 30, ¶ 3). Debtor filed an objection to the Claim, *inter alia*, on the basis that it constituted, at best, an alleged contingent and unliquidated debt. (Doc. 22, ¶ 4). The Court sustained Debtor's objection in part, and granted Creditor an allowed contingent, unsecured, disputed claim in the amount of $1.00 subject to amendment once it was liquidated. (Doc. 39). Creditor has not sought relief from the stay in this case to pursue the State Court Litigation against Debtor. However, Creditor asserts that "this Court may not liquidate, determine, estimate, or adjust personal injury claims against the [D]ebtor's bankruptcy estate, unless the claimant consents, which [Creditor] does not." (Doc. 30, ¶ 1) (internal citations omitted). In response to the Rule 2004 Request, Debtor argues that it is improper because there is pending litigation involving the parties in state court, and "Claim 8 remains a non-consumer, disputed, contingent, unliquidated debt." (Doc. 37, ¶ 2-3). The Court finds it is not necessary to address each of Creditor's separate arguments in support of the Rule 2004 Request because it is limited by the pending proceeding rule.

## II.    ANALYSIS AND CONCLUSIONS OF LAW

Pursuant to Rule 2004, a bankruptcy court may order the examination or production of documents from any entity. Fed. R. Bankr. P. 2004. However, the "scope of [the] examination [or production] permitted . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citing Fed. R. Bankr. P. 2004(b)). Courts have understood the plain meaning of Rule 2004(a)—that "the court *may* order the examination of any entity"—as granting the bankruptcy court broad discretion to determine whether a Rule 2004 examination is appropriate. *In re Gaime*, No. 8:18-BK-05198-RCT, 2018 WL 7199806, at *2 (Bankr. M.D. Fla. Dec. 18, 2018) (citing *In re Enron Corp.*, 281 B.R. at 840), *clarified on denial of reconsideration*, No. 8:18-BK-05198-RCT, 2019 WL 436749 (Bankr. M.D. Fla. Jan. 23, 2019) ("The decision to grant or deny a request for Rule 2004 discovery rests in the sound discretion of the bankruptcy court."). The burden of demonstrating good cause for seeking information under Rule 2004 is on the party seeking the information. *See In re Defoor*

---

[2] *Jenkins v. Sylacauga Health Care Authorities, et. al*, Case No. 61-CV-20202-900381 (Cir. Ct. Talladega Cty. Ala. 2025) (pending).

*Ctr. LLC*, 634 B.R. 630, 638 (Bankr. M.D. Fla. 2021) (citing *In re Gaime*, 2018 WL 7199806, at *2).

While the scope of a Rule 2004 examination is "unfettered and broad," its availability is not unlimited. *In re 3 Kings Constr. Residential LLC*, No. 22-10965-PMB, 2024 WL 2264338, at *2 (Bankr. N.D. Ga. May 17, 2024) ("However, Rule 2004 examinations and requests for production are not without limits[.]"); *In re No Rust Rebar, Inc.*, No. 21-12188-PDR, 2022 WL 17365810, at *2 (Bankr. S.D. Fla. Dec. 1, 2022); *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) ("[T]here are limits to Rule 2004 examinations."). The pending proceeding rule is one such limitation, as it limits the breadth of Rule 2004 examinations that may be typically afforded. *In re Defoor Ctr. LLC*, 634 B.R. at 639-40 (explaining that the pending proceeding rule limits otherwise broad Rule 2004 discovery).

"Under the pending proceeding rule, Rule 2004 examinations are limited after . . . other litigation is filed because 'a litigant might receive an unfair advantage in litigation because requests for production and examinations under Rule 2004 lack some of the procedural safeguards that exist for discovery conducted in pending litigation.'" *In re Combs*, 668 B.R. 896, 906 (Bankr. M.D. Fla. Apr. 14, 2025) (citations omitted). When evaluating whether to permit Rule 2004 discovery in the face of parallel litigation, courts weigh a range of overlapping factors. *See generally In re 3 Kings Constr. Residential LLC*, 2024 WL 2264338; *In re Kelton*, 389 B.R. 812; *In re Marathe*, 459 B.R. 850 (Bankr. M.D. Fla. 2011); *In re Enron Corp.*, 281 B.R. 836; *In re Defoor Centre, LLC*, 634 B.R. 630; *In re SunEdison*, 572 B.R. 482 (Bankr. S.D.N.Y. 2017); *In re Sanomedics, Inc.*, No. 16-21659-RAM, 2018 WL 3816772 (Bankr. S.D. Fla. July 26, 2018). The relevant factors considered are discussed below.

## 1. Purpose of the Request and Its Relation to the Administration of the Bankruptcy Estate

Courts have denied Rule 2004 motions when the purpose of the request was to seek information unrelated to debtor's financial affairs or the administration of the debtor's estate. *In re Enron Corp., 281 B.R. at 840.* One of the main purposes of Rule 2004 is "'to provide a tool to parties to a bankruptcy, particularly trustees, to obtain information' concerning the conduct or property of the debtor, and any matters that may affect the administration of the bankruptcy estate." *In re Marathe*, 459 B.R. at 856 (internal citation omitted). Discovery under Rule 2004 must have some nexus to the financial condition of the debtor, relate to a matter which may affect the

3

administration of the debtor's estate, or be relevant to the debtor's right to a discharge. Fed. R. Bankr. 2004; *In re Enron Corp.*, 281 B.R. at 840. Additionally, in Chapter 13 cases, the scope of the request can relate to the operations of a business, sources of money or property acquired by the debtor to consummate a plan, or other matters relevant to the formation of a plan. Fed. R. Bankr. P. 2004(b).

Here, the requested information bears little, if any, connection to the Debtor's financial condition or the administration of her bankruptcy case. Instead, the Rule 2004 Request relates to potential insurance coverage that may be available to Creditor if Debtor is found liable in the State Court Litigation. Debtor's bankruptcy estate will not be augmented or administered more efficiently by disclosure of the insurance policy limits to Creditor whose claim remains unliquidated, disputed, and contingent. The potential insurance coverage would have no impact on the bankruptcy estate as neither Debtor nor her bankruptcy estate would have claim to any proceeds that may be paid out under the policies. Additionally, the requested information does not relate to the formation or consummation of Debtor's Chapter 13 plan because her plan was confirmed on May 19, 2025. (Docs. 39, 48). Moreover, this Court lacks jurisdiction to liquidate the Claim. (Doc. 30, ¶ 1); *see also Stern v. Marshall*, 564 U.S. 462 (2011). Thus, the Rule 2004 Request does not seek to investigate assets for distribution or plan consummation, identify claims for avoidance, or perform any core bankruptcy function that would advance the equitable administration of the estate.

Creditor references a string of cases in his brief to support his position that bankruptcy courts do not apply the pending proceeding rule when there is merely pending litigation in a forum outside of the bankruptcy court. (Doc. 43, p. 7).[3] While courts may be more hesitant to apply the pending proceeding rule where the Rule 2004 request is unrelated to the subject matter of the pending litigation, that is not the case here. *See In re Washington Mutual, Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009) (noting that the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether it seeks evidence unrelated to the pending proceeding). Here State Court Litigation is more than "merely pending litigation" in another forum outside of this Court. It is the basis for Creditor's Claim and the core issue of the Rule 2004 Request.

---

[3] *In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991); *In re Drexel Burnham*, 123 B.R. 702 (Bankr. S.D.N.Y. 1991); *In re Table Talk*, 51 B.R. 143 (Bankr. D. Mass. 1985).

Further, Creditor's reliance on *In re Table Talk, Inc.*, 51 B.R. 143 (Bankr. D. Mass. 1985), is also misplaced. In *In re Table Talk*, the bankruptcy court granted the trustee's motion to examine third parties to determine whether the debtor's estate held equitable title to packaging equipment and to explore potential antitrust violations that might belong to the debtor. *Id.* at 145-46. The court concluded these were legitimate subjects for Rule 2004 discovery because they were directly aimed at discovering assets of the estate or identifying potential causes of action that could benefit all creditors. *Id.* In contrast, the Rule 2004 Request seeks information about Debtor's liability insurance coverage primarily to determine whether Creditor continues to pursue Debtor in the State Court Litigation, not to further the administration of Debtor's bankruptcy estate. (Doc. 34, ¶ 3-4).

### 2. Existence of a Pending Proceeding on the Same Subject Matter and Risk of Circumventing Discovery Rules of the Other Forum

Courts have also denied motions for Rule 2004 request when there is another proceeding pending outside the bankruptcy case and the request would circumvent more stringent discovery rules in that proceeding. *See In re 2435 Plainfield Ave., Inc.,* 223 B.R. 440, 455-56 (Bankr. D. N.J. 1998); *In re 3 Kings Constr. Residential LLC,* 2024 WL 2264338, at *3. This limitation exists "due to concern that a litigant might receive an unfair advantage in litigation because requests for production and examinations under Rule 2004 lack some of the procedural safeguards that exist for discovery conducted in pending litigation." *In re 3 Kings Constr. Residential LLC*, 2024 WL 2264338, at *3. No cause exists for Rule 2004 discovery "if the matter that is being investigated . . . is one that lies outside the bankruptcy court's jurisdiction[.]" *In re Defoor Centre, LLC*, 634 B.R. at 637 (denying the debtor's request for Rule 2004 discovery because it appeared to be an "attempt by the [d]ebtor to gain a strategic advantage in private litigation").

In fact, looking at a case cited by Creditor—*In re Coffee Cupboard, Inc.*—the bankruptcy court restricted Rule 2004 requests where the requested information could only be used in connection with pending state court litigation. 128 B.R. 509, 517 (Bankr. E.D.N.Y. 1991). The court concluded that permitting Rule 2004 discovery without limitation would circumvent proper discovery procedures in those pending cases and confer an improper tactical advantage to the party seeking discovery under Rule 2004. *Id.* at 516. The relevant inquiry when a party requests Rule 2004 discovery while litigation is pending in another forum, is whether the request will lead to the discovery of evidence related or unrelated to the pending proceeding. *Snyder v. Society Bank*, 181

B.R. 40, 42 (S.D. Tex. 1994), *aff'd sub nom*, *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and stating that the bankruptcy court did not abuse its discretion by denying production under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee). The risk of circumventing discovery rules in the State Court Litigation is substantial in this case. Creditor expressly acknowledges that § 6-5-548(d) of the AMLA precludes him from obtaining the insurance coverage information he seeks in the State Court Litigation. (Doc. 30, ¶ 4). Permitting the Rule 2004 Request here would effectively override the state law discovery restrictions in medical liability cases codified by § 6-5-548(d). Rule 2004 may not be used to circumvent the discovery restrictions of another forum where the parties are actively litigating the same dispute. *Snyder*, 181 B.R. at 42; *In re Combs*, 668 B.R. at 906.

**3. Availability of Other Discovery Mechanisms**

Courts applying the pending proceeding rule also consider whether there is a forum available for the discovery sought through the Rule 2004 request. *See In re SunEdison*, 572 B.R. at 490 (citing *In re Enron Corp.*, 281 B.R. at 840). While the second factor focuses on whether Rule 2004 is being used to circumvent the procedural safeguards of another forum, the third factor examines whether there is an alternative mechanism or forum available for the requesting party to obtain the discovery it seeks. "[O]nce an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004[.]" *In re SunEdison*, 572 B.R. at 490 (citations omitted). The pending proceeding rule prevents a party to pending litigation from using Rule 2004 to circumvent "his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *Id.* (citations omitted).

Here, Creditor retains an alternative, appropriate means to pursue the requested discovery in a more suitable forum. Specifically, Creditor can seek relief from the automatic stay in this Court to resume the State Court Litigation, at which point discovery would proceed under the rules and safeguards of that forum. Instead, Creditor, while acknowledging this Court lacks jurisdiction to adjudicate the Claim, is remaining in bankruptcy court solely to conduct discovery that may be restricted in the State Court Litigation. But the existence of discovery restrictions in the state forum does not weigh in favor of allowing Rule 2004 relief here—it weighs against it. Rule 2004 is not a tool to circumvent forum-specific limitations. As courts have explained, the availability

6

of another forum, even if procedurally narrower, satisfies this factor and reinforces the need to respect the boundaries of the pending proceeding rule. *See In re SunEdison, Inc.*, 572 B.R. at 490-91; *In re Enron Corp.*, 281 B.R. at 840; *In re Drexel*, 123 B.R. at 711.

### 4. Potential Prejudice to the Examinee

Courts recognize that "[u]sing Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid." *In re Sanomedics, Inc.*, 2018 WL 3816772, at *2 (citing *In re Washington Mutual, Inc.*, 408 B.R. at 50). Here, granting the Rule 2004 Request would subject Debtor to discovery without the procedural protections that would be available in the State Court Litigation or in an adversary proceeding governed by Rule 7026 of the Federal Rules of Bankruptcy Procedure, including: proportionality, relevance limits, and the ability to seek protective orders. *See* Fed. R. Civ. P. 26. Allowing Creditor to bypass those safeguards through Rule 2004 would create unfair prejudice to Debtor, particularly given the nature of the insurance coverage details that are statutorily protected in the underlying state court proceeding.

Weighing all of these factors, the Court finds that the balance weighs strongly against permitting the requested discovery. Here, the Rule 2004 Request is not a proper use of Rule 2004 discovery; instead, it represents an effort to circumvent the discovery rules of the State Court Litigation. Accordingly, it is hereby

ORDERED that the Rule 2004 Request is DENIED.

Done this 22nd of July, 2025.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c:      Debtor/Defendant
        Marsha C. Mason, Attorney for Debtor/Defendant
        Richard Riley, Attorney for Creditor
        Chapter 13 Trustee